Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

MIDDLE District of Florida

JACKSONVILLE Division

PROVIDED TO
HAMILTON CI

OCT 06 2023

RECEIVED BY
FOR MAILING

|  |  |
|---|---|
| Iris Lamarr Anderson | ) Case No. **3:23-cv-1197-TJC-PDB** |
| _Plaintiff(s)_ | ) *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| 1. MR. Ricky Dixon Sec't'y Fla. D.O.C. (official Capacity) | ) |
| 2. MR. Julian Parrish Asst. Warden Programs (Off. Capacity) | ) |
| 3. Centurion of Florida. LLC. (official Capacity) | ) |
| 4. Dr. L. Colombani (official Capacity) | ) |
| _Defendant(s)_ | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | IRIS LAMARR Anderson |
| All other names by which you have been known: | N/A |
| ID Number | # 222991 |
| Current Institution | Hamilton Correctional Institution - Annex |
| Address | 10650 SW 46th St. |
| | JASPER                FLA.        32052 |
| | City                State        Zip Code |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ricky Dixon |
| Job or Title (if known) | Secretary of Fla. Do.c. |
| Shield Number | N/A |
| Employer | STATE OF Florida |
| Address | 501 S. Calhoun St. |
| | Tallahassee            FLA.        32399-2500 |
| | City                State        Zip Code |

☐ Individual capacity    ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | JULIAN PARRISH |
| Job or Title (if known) | ASST. WARDEN of Programs |
| Shield Number | N/A |
| Employer | Fla. Dept. of Corrections at Hamilton Corr. Inst. |
| Address | 10650 SW 46th Street |
| | Jasper              FLORIDA        32052 |
| | City                State        Zip Code |

☐ Individual capacity    ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name — CENTURION OF FLORIDA, ILL.

Job or Title *(if known)* — Medical Provider for Fla. D.O.C Medical Personnel

Shield Number — N/A

Employer — OWNER/BOSS

Address — 7700 FORSYTHE Blvd.

ST. LOUIS — MO. — 63105
*City* — *State* — *Zip Code*

☐ Individual capacity   ☒ Official capacity

Defendant No. 4

Name — ▨▨ L. COLOMBANI

Job or Title *(if known)* — DOCTOR/Medical Supervisor Hamilton (Time of claim)

Shield Number — N/A

Employer — Centurion of Florida

Address — 10650 SW 46th ST.

Jasper — FLA. — 32052
*City* — *State* — *Zip Code*

SEE ATTACHED;
Defendant NO: 5
(PAGE "1")

☐ Individual capacity   ☒ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

→ THE DEFENDANTS Have Violated, In a Systematic Fashion Inmate Anderson, "A qualified Inmate" Rights under Title II of the Americans with Disability Act, Section 504 of The Rehabilitation Act of 1973, The 8th Amendment of The U.S. Constitution and The Due Process Clause of The U.S. Constitution Thru Thier failure to Comply with Mandated Rules and procedures per F.A.C. Chapter 33 And THE "SETTLEMENT Agreement" NEW "ADA" Rules Enacted in 2017 in U.S. Dist. Court Northern District.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?   N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*SEE; "ATTACHED"; "Defendants Acts under Color of State or Local LAW" (PAGE(S) "2" & "3")*

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*SEE Attached; Statement of Case Facts/Claim PAGES (4-8)*

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

*SEE Attached; Statement of Case Facts/Claim PAGES (4-8)*

C.    What date and approximate time did the events giving rise to your claim(s) occur?

SEE Attached; Statement of Case Facts / cLAIm
Pages
(4-8)

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

SEE Attached; Statement of Case Facts / cLAIm
Pages
(4-8)

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Eye Sight is deteriorating daily because I have been denied treatment Since The Grievance Process began, I developed A Growth on My Left Eye Thru "Medical Indifference" taking my Accommodations And stopping Medications (See; EX. K). I been denied my Personal Properties And The Monies Lost over The Last (4) four years and I'm still being held at a NON-ADA Approved Institution where Thru Mr. Corbin (Asst. ADA Coordinator D.O.c) Investigation it was proven I'm a "qualified Inmate" under ADA Umbrella.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE; "Attached; "Relief Sought"
Pages
(9-10)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Hamilton Correctional Institution - Annex
1065 SW 46th ST.
Jasper, FLA. 32052

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes (ALL)

☐ No

☐ Do not know

If yes, which claim(s)?

Violationing The ADA of 1990, Rehabilitation Act,
8th Amendment, Due Process and Loss of Personal Property

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

Hamilton Corre Inst.
10650 SW 46th St.
Jasper, Fla. 32052

2.  What did you claim in your grievance?

Violation of my Constitutional ADA Rights
Violation of Fla. D.O.C. "Settlement Agreement" with Disabilities Rights Fla. Inc. "New Rules."
Personal Property Lost or Stolen Seeking Compensation

3.  What was the result, if any?

They only Denied Thru failure To Comply with Thier own Rules
and uphold THE ADA of 1990, showing Medical Indifference towards
Inmate Anderson.

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I went all The way To Sec't'y Dixon, To complete The Grievance Procedure,
Where I had to force him to do so by filing of A Writ of Mandamus
In The State Courts

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

1.     If there are any reasons why you did not file a grievance, state them here:

*N/A*

2.     If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*N/A*

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*SEE: Attached EXHIBITS A-Q*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☒ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

*I'm pretty sure I remember being Informed of This Rule by a Cover. but honestly I don't Remember who, when or where. And, I Tried Locating it on Lexis but I couldn't*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)  ___N/A_____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____N/A_____

3.    Docket or index number

_____N/A_____

4.    Name of Judge assigned to your case

_____N/A_____

5.    Approximate date of filing lawsuit

_____N/A_____

6.    Is the case still pending?

☐ Yes

☐ No    N/A

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?   N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes    *N/A*

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____N/A_____

Defendant(s)   _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

*N/A*

_____

3.    Docket or index number

*N/A*

_____

4.    Name of Judge assigned to your case

*N/A*

_____

5.    Approximate date of filing lawsuit

*N/A*

_____

6.    Is the case still pending?

☐ Yes    *N/A*

☐ No

If no, give the approximate date of disposition    *N/A* _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*  *N/A*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff
Printed Name of Plaintiff    IRIS LAMARR ANDERSON
Prison Identification #    # 222991
Prison Address    Hamilton Corr. Inst.-Annex 10650 SW 46th Street

_____  JASPER _____ FLA. _____ 32052 ____
                   City              State          Zip Code

### B.    For Attorneys

Date of signing:    N/A

Signature of Attorney    N/A
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

_____
                City              State          Zip Code

Telephone Number
E-mail Address

ATTACHMENT
PAGE
"1"

(CONT'D)


THE DEFENDANT(S)

■ DEFENDANT No. 5
            NAME          Ms. KRISTIN FONGEATLEA
            Job/TITLE     Nurse/Medical Asst.
            SHield No:     KFO4
            Employer      CENTURION OF FLA. INC.
            ADDRESS       10650 SW 46th ST.
                          Jasper        FLA        32052
                          City          State      Zip Code

            ☐ individual capacity   ☒ official Capacity

ATTACHMENT
PAGE
"2"

<u>Defendants Acts Under Color of State or Local Law</u>

1. Defendant  RICKY DIXON  is The Secretary of The FLA.D.O.C., He is Being Sued In His Official Capacity, For Violating Title II of The Americans with Disabities Act of 1990, Section 504 of The Rehabilitation Act of 1973, The Eight (8) Amendment of the U.S. Constitution and Inmates Due Process under The U.S. Const., Thru his failure to Comply and Employ officers or Agents properly trained to Comply with Mandated Rules and Procedures per. F.A.C. Chapter 33 and The "Settlement Agreement" NEW "ADA" Rules Enacted In 2017, on Handling "ADA Accom."

2. Defendant  JULIAN PARRISH  is The Assisstant Warden of Programs at Hamilton Correctional Institution-Annex, He is being Sued in his Official Capacity, for Violating Title II of The Americans with Disability Act of 1990, Section 504 of The Rehabilitation Act of 1973, The 8th Amendment of The U.S. Const., and Inmates Due Process Rights, Thru his failure to Comply with Mandated Rules and Procedures per. Chapter 33 and The "Settlement Agreement" New "ADA" Rules, for Qualified Inmates, Ebstablishing his Wanton neglect Thru "Medical Indifference".

3. Defendant  CENTURION of FLORIDA, LLC., is The Medical Care Provider for The FLA. D.O.C.s Inmates. Thier being Sued IN Thier Official Capacity, For Violating Title II of The Americans With Disabilties Act of 1990. Section 504 of The Rehabilitation Act of 1973, The 8th Amendment of The U.S. Const., and Inmates Due Process Rights. Thru Thier failure to Employ Properly Trained Medical Personnel on The Handling of "ADA qualified Inmates" Accommodations and Care. Ebstablishing Thier Wanton Neglect and "medical Indifference".- VIA "Settlement Agreement"

ATTACHMENT
PAGE
"3"

(Cont'd)

<u>Defendant Acts Under Color of State or Local Law</u>

**4.** Defendant __DR. L. COLOMBANI__, is A Doctor and The Head Medical Administrator at the Time of this claim, He is being Sued in His Official Capacity, For Violating TITLE II of the Americans With Disabilities Act of 1990, Section 504 of The Rehabilitation Act of 1973, 8TH Amendment of The U.S. Const and Inmates Due Process Right. Thru his failure to Comply with The New "ADA" Rules Located in The 2017 "Settlement Agreement" with FLA. D.O.C And Disabilities Rights FLA. Inc, Causing Actual Physical harm and Loss of Personal Property to Inmate, Thru The Unauthorized Confiscation of Inmate "ADA Accommodations".

**5.** Defendant __KRISTEN FONGEATLEA (KFO4)__ was a medical Nurse' Asst. At The Time of This CLAIM, She is being Sued in her official Capacity, For Violating Title II of The Americans With Disabilities Act of 1990, Section 504 of The Rehabilitation Act 1973, The 8th Amendment of The U.S. Const. and Inmates Due Process Rights. Thru her failure to Comply with The New "ADA" Rules Located in The 2017 "Settlement Agreement" between FLA. D.O.C. and Disabilities Rights FLA. Inc., Causing Physical Harm, Stress, discomfort and loss of personal property, To Inmate Anderson A Qualified (ADA) Inmate.

ATTACHMENT
PAGE
"4"

# Statement of Case Facts / CLAIM

On July 3, 2013 Inmate Anderson was Committed To The FLA. D.O.C. Care, Custody and Control. At This Time Inmate Anderson was on Numerous Eye Medications, Recovering from an eye injury, where he'd almost lost his Right eye (The Good Eye), And his Left eye had been diagnosed as a Lazy eye at the age of four (4)

Inmate Anderson' Eye medications were discontinued at The Reception Center (RMC Lake Butler) and Inmate Anderson was transferred to Santa Rosa Correctional Institution. At Santa Rosa Inmates Eye's began to worsen, So FLA. D.O.C. Authorized Inmate be sent to C.F.R.C. Main Unit to See Dr. Cartwright a Cornea Specialist Located in Kissimmee (10/13) FLA., Due To D.O.C. changing Medical Provider's all Inmate were transferred back to thier Institutions. Dr. Cartwright Instructed Santa Rosa Medical Dept. to do cultures on my eyelids to see what was Causing me discomfort, This was in (Oct 2013). On or About April 2015, Santa Rosa still hadn't done Cultures on Inmates eyes. At This Point Inmate eyes had become Super Sensitive to any light and bumps had started occuring under Inmates eyelids, that would harden until Inmate had to pop them with his fingernails, in order to get relief and obtain some unobstructive vision. In May 2015 Inmate Anderson Eye's began to bleed!, Santa Rosa finally did cultures on Inmates Eyes, only to find out that Inmate had Caught Mercer in both eyes !!!,. FLA. D.O.C. once again transferred Inmate Anderson back to See Dr. Cartwright (The Cornea Specialist) where Inmate remained from 2015 Nov. until 2019 April.

\* While being housed at C.F.R.C. Dr. Cartwright, discovered Inmate had developed A Cornea Scar on his Right eye that needed Surgery Replacement. The Problem was Inmates Eye Lids would have to be treated first and Corrected prior to Any Surgery. Dr. Cartwright started with putting

ATTACHMENT
PAGE
"5"

In tear duets, informing Inmate that he'd see me in Two (2) wks., only for D.O.C. too take me back Three (3) months later!, where we'd have to start over. Dr. Cartwright started me on anti-biotic ointment for my Eyes. And on Feb. 19, 2019. The Asst. Warden of Program Ms. Casmir (ADA Coordinator) Appoved Inmate Anderson for ADA Accommodations (See; Exhibits A¹-A²·A³). Persisting of a talking Watch and Key Lock, Too Remove the stress and strain off of Inmates Eye's and allow him to Secure his Locker, without straining to read small Combonation Lock Numbers or Straining to focus on reading a watch or far off wall clock.

Inmate Anderson in November of 2015 got into an altercation with C.E.R.C.'s Laundry, Sargeant Langford and after he instituted the grievance he was transferred to Hamilton Annex in Jasper, Fla.

On Feb. 11, 2020 Inmate Anderson was Placed in Ac. Confinement - Via: a frabricated (Dr) Disciplinary Report, where Inmate Called the Camera's as his witness, After (14) fourteen days Inmate was released back to regular population and informed his Good Adjustment transfer had been Denied, Inmate Grieved this decision based on his "Due Process" was being Violated, because he didn't have a Dr hearing to be found Guilty. Inmates Good adjusment was Immediately "alleged" to be restored.

On or About March 10, 2020 Inmate wrote Medical for a Watch Battery Replacement * on March 20, 2020 Inmate Anderson was called to medical (Friday) and Informed medical was issuing him Passes for his Talking Watch and Key Lock, Inwhich Inmate was against because These ADA Accommodations were needed for his eyes and his Personal Phoperty (See Ex. A³). On 3-23-2020, medical called inmate back to medical (Monday) informing Inmate that they were revoking his passes and would be Confiscating his ADA Accommodations, Inmate refused to turn them over on that date. On 3-27-2020 Nurse FunGealla, Kristen (KF04) called Inmate to Medical and Informed him, that she'd been ordered by Warden Goolsby(?) (See Ex. B) To Take My ADA Accommodations/Personal Property (Ex. A³).

2

ATTACHMENT
PAGE
"6"

ON May 4, 2020 - Inmate Wrote A Letter to Ms. Evelyn Garst
ADA Coordinator, Located FLA. D.O.C. Central Office explaining about
my watch and Key Lock being taken and This (Hamilton) not being an
ADA Approved Institution (SEE EX. C)

ON June 15, 2020 - Mr. Glen Corbin Asst. Ada Coordinator, FLA. D.O.C.,
Wrote To Me stating Central Office had no Record of my being issued
a Talking watch or Key Lock and my E2 impairment does not (Ex. D)
qualify me for accommodations. But, If I send him my approved
documents (Ex. A¹-A²) upon his Investigation, supporting my claim
theyed be returned. I immediately sent The requested documents.

ON Friday July 24, 2020 - Mr. Corbin Sent my documents back
along with a Copy of his Letter to AWP Parrish at Hamilton Corr.
Explaining how under The "Settlment Agreement" with disabilties Rights
Florida, IF There wasn't a "Compelling Security Concern" supported (Ex. E)
by a (DR) Disciplinary Report, "It Would be Appropriate to Return
Inmate Andersons' property". As of Todays date my Property
hasn't been returned and my eye's are worser than ever.

ON 8-9-2020, Inmate Anderson Started his Grievance
Procedure based on Mr. Corbins Investigation and The "New
Rules" Located under The "Settlement Agreement" with disabilites
Rights, FLA. Inc. (Ex. F), Inwhich was DENIED 8-19-2020

ON 8-23-2020, Inmate filed a formal Grievance, Arguing
Medical's eye test (Ex. G¹-G²) only show The Accommodations
were in fact working and They should be returned or I should
be Compensated for Loss of Personal Property (Ex. A³).

ON 9-8-2020 - DR. L. COLOMBANI DENIED based upon
an Erroneous E² Evaluation (Ex. H), where records are being
Sanitized, because Inmates have No Rights to Transparency.

ON 9-14-2020, Inmate Filed for further Administrative Review

3

ATTACHMENT
PAGE
"7"

with the F.I.A. D.O.C. Sect'y office, stating; Warden Polk,
AWO Stewart Colonel Griffin III Major Bell and Major
Carter, were violating the Inmate Grievance Procedure Thru
"willful blindness", bringing To The Sect'y office The intentional
Violation of The ADA of 1990, Section 504 (of THE) RA(1973), 8th
Amendment and Due Process. From This Point The Sect'y became
A Defendant Thru "Medical Indifference" and failure to have his or
her Subordinates, Care for Inmates Safety and health (EX. I)

ON 9-17-2020, Inmate wrote Request to medical seeking to
Know why his Artificial Tears, Medication (eye) and Ibuprophen (600mg)
hadn't been reordered do to this facilities wanton negligence in handling
ADA "qualified Inmates" (EX. J) [▬▬▬▬▬▬▬▬]

ON 3-11-2021, Inmate Anderson was Taken to RMR Lake Butler
To see Another Eye Doctor Inwhom, Informed Inmate that he has
a Cornea Scar in his Right Eye and a "Growth in his Left eye" that
needs Surgical removal (SEE; medical Records Ex. K) [PHysical HARM DONE]

ON June 1, 2021, F.I.A. D.O.C. Sect'y Representative Bowden
and Region II SC, Michelle Schoust DENIED Inmate formal Grievance
from 9-14-2020. (EX. L) [OVER +200 DAys To Respond]

** ON JAN. 27, 2021, Inmate Anderson Petitioned for a Writ
of Mandamus To The 1st DCA In and For The state of Florida (EX. M)
Inwhich Transfered it to The 2nd Judicial Circuit, In And For Leon Co.
(▬▬▬) Too "Compel Sect'y Dixon To Make A Final Decision on Pending Appeal".

→ ON Nov. 18th 2021 Writ of MANDAMUS Denied by 2nd Jud. Circuit
in and for Leon County. (EX. N), ERRONEOUSLY claiming it was Moot
and The Talking Watch and Key Lock Were "Medical devices". Inmate
Appealed and on July 7, 2023 The 1st DCA PER CURIAM Affirmed. (EX. O)

ON JULY 18, 2023 Inmate filed his Motion for Rehearing bringing
To The Courts Attention That Thier PER CURIAM Affirm is A "Manifest

4

ATTACHMENT
PAGE
"8"

Injustice" because I'm being denied the Same Relief afforded
to other Inmates In Identical situations (Ex. P) And by the
Per Curiam, it Allows Fed. D.O.C. To disregard an act of
Congress and Thier Own Mandated substantive Rules, showing
deliberate discrimination Against "qualified Inmates" under The
"ADA" And "RA".

ON September 6, 2023 (Ex Q) The 1st DCA Denied Rehearing
[ALL STATE REMEDIES EXHAUSTED]

5

ATTACHMENT
PAGE
"9"

## RELIEF Sought

PLAINTIFF, IRIS LAMARR ANDERSON #222991 REQUESTS THE COURT GRANTS The following Relief:

A. ISSUE An InJunction ORDERing The Following:

1. ISSUE An InJunction Ordering Defendant(S) Ricky Dixon(Sect'y D.O.C.), To have Inmate Anderson immediately Transferred to An "ADA" approved Institution And An InJunction ORDERing Ricky Dixon (Sect'y D.O.C.) Too Re-ebstablish Inmate Anderson Eye CARE As Appropriated by Cornea Specialist DR. CARTwright

2. ISSUE A Injunction Ordering Centurion of FloRida, LLC. Too Immediately return Inmates ADA Accommodations/Personal Property, That was illegally Confiscated by Improperly trained Medical staff members.

3. ISSUE An Injunction Ordering Sect'y of D.O.C. Ricky Dixon to; by Written Documentation Instruct Any of his Employees that Any Kind of Retaliation taken out upon Inmate Anderson because he initiated this Complaint Against Asst. WARDEN PARRISH and Mentioned other D.O.C. officers and Agents will Result In Immediate disciplinary Consequences and Reported to The Courts.

4. ISSUE A InJunction ORDering CENTURION of FloRida, LLC. To Initiate a Course "or" Class for all of It's(centurion) Employee's, To be Properly Trained in The New "ADA" Rules pursuant To The "Settlement Agreement", by FLA. D.O.C. -with- Disabilities Rights of Fla. Inc. (2017).


B Award Compensatory Damages In The following Amount:

1. $125,000 Jointly and Severally against Defendants PARRISH, CoLombani and Fungeolea for interfering with my Exercise "or" Enjoyment of My ADA Rights and Accommodations. And, The Loss of Monies to Litigate Such Wanton Neglect "or" "medical indifference", causing Personal Property Loss and ongoing eyesight deterioration.

ATTACHMENT
PAGE
"10"

## Relief Sought
### (Cont'd)

B. Award Compensatory Damages in The following Amounts;

2. $125,000 Several against Defendant Ricky Dixon, Inwhom failed to enforce his own Representatives (Mr. Corbin), Investigative findings of Inmate Anderson being a "Qualified Inmate" Covered Under The "ADA" Umbrella. But, yet allowed deliberate Illegal Actions To be Carried out by his Subordinates, as established Thru Exhibits A-D, Causing Inmate Loss of Monies and personal property without being Afforded Due Process. As well as The Ongoing Damage To Inmates Eyes.

3. $125,000 Several against Defendant Centurion of Florida, LLC. For it's unethical Practices of Not Properly Training Their Medical Employee's of Any New "ADA" Rules, As Agreed upon in The "Settlement Agreement", Causing Inmate Damage to his Vulnerable Left Eye and Right Eye's Cornea. As of Today's date Inmate is being Denied all Eye Care in retaliation and being held at a Non-ADA Approved Institution. Causation to The Loss of monies, Property and deteriorating Eye Sight.

C. Award Punitive Damages In the following Amounts;

1. $600,000 Jointly and Severally against Defendant(s) Ricky Dixon (Sect'y D.O.C.), Julian Parrish (Asst. Warden of programs), Centurion of Fla. Inc. (medical provider for D.O.C. Inmates), L. Colombani (Doctor). And, Kristen Faingeathea (nurse/medical Asst.). For Cruel and unusual punishment, Mental and physical Stress and Strain, Each Defendant Caused starting from 3-27-20 when Illegal Intefering with my "ADA Accommodations", depriving me of my Life Activities As others and Freedoms. establishing $100.00 per day, Per Defendant. Added Together.

* 2. Award Any and all other Relief deemed appropriate by This Court.

* Rule 56 Summary Judgement; "There is No Genuine Issue to material facts" (Inmate Qualified under ADA - Accommodations unconstitutionally Taken - Inmate Loss of Property and ongoing Eye sight deteriorating) Therefore; I Declare Under Penalty of Perjury That The Facts in The Foregoing Are True And Correct to my Rememberable Knowledge

/s/

Tris L. Anderson #222991